IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT WHIPPLE )
)
v. ) NO. 3-11-0206
) JUDGE CAMPBELL
CHATTANOOGA-HAMILTON )
COUNTY HOSPITAL AUTHORITY )

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 47). For the reasons stated herein, Defendant's Motion is DENIED.

## FACTS

Plaintiff brought this action pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. Plaintiff alleges that Defendant intentionally defrauded the United States by knowingly submitting fraudulent reimbursement claims to Medicare, Medicaid, Tricare/Champus, and other federally-funded government healthcare programs. The United States and the States of Tennessee, North Carolina and Georgia declined to intervene herein.

Defendant has moved to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), contending that this Court lacks subject-matter jurisdiction over Plaintiff's claim and also that Plaintiff's Complaint is not pled with particularity and does not state claims for which relief may be granted. Defendant argues that Plaintiff's allegations of fraud are based upon claims and allegations which the government already thoroughly and extensively investigated and, therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims.

Plaintiff claims that he is an original source and Defendant has failed to establish any Public Disclosure Bar in this case.

## ANALYSIS

Defendant maintains that Plaintiff's claims are barred by the "Public Disclosure Bar," which holds that no court shall have jurisdiction over an FCA action based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information. 31 U.S.C. § 3730 (e)(4)(A). "Original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an FCA action based upon that information. 31 U.S.C. § 3730(e)(4)(B).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, where the Court's power to hear a claim is at issue, the Plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction, and the Court must give the Plaintiff's factual allegations closer scrutiny than they would receive on a motion for failure to state a claim. *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.* 498 F.Supp.2d 25, 45 (D.D.C. 2007). The Court may look to matters outside the pleadings, and the Court may resolve disputed evidence. *Id.*

A challenge under the FCA jurisdictional bar is necessarily intertwined with the merits and is, therefore, properly treated as a motion for summary judgment. *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011); *see also Little v. Shell Exploration & Production Co.*, 690 F.3d 282, 292 (5th Cir. 2012). Whether a public disclosure has occurred is a jurisdictional inquiry arising out of the same statute that creates the cause of action, precipitating an investigation necessarily intertwined with the merits. *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1049 (10th Cir. 2004). Therefore, the district court correctly resolves the issue

when determining a motion for summary judgment rather than at the time of a motion to dismiss. *Id*.

On summary judgment, the party challenging jurisdiction must identify public documents that could plausibly contain allegations or transactions upon which the relator's action is based. *Id*. Then the relator must put forth evidence sufficient to show that there is a genuine issue of material fact as to whether his action was based on those public disclosures. *Id.; McKesson,* 649 F.3d at 327. The jurisdictional inquiry requires the Court to consider three questions: (1) whether there has been a "public disclosure" of allegations or transactions, (2) whether the *qui tam* action is based upon such publicly disclosed allegations, and (3) if so, whether the relator is the original source of the information. *United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004).

In considering a factual attack upon the Court's jurisdiction, as this challenge is, no presumption of truth attaches to the Plaintiff's factual allegations, and the Court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case. *Hornberger v. Tennessee*, 782 F.Supp.2d 561, 564 (M.D. Tenn. 2011) (non-FCA case). In its review, the Court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Here, the Court finds that the subject-matter jurisdiction issue should be determined on a Motion for Summary Judgment. There are disputed issues of fact for which the Court must have a more-developed record to determine. Defendant's Motion to Dismiss does not satisfy the requirements under Fed. R. Civ. P. 56 or Local Rule 56.01. Therefore, Defendant's Motion to Dismiss is DENIED, without prejudice to Defendant's filing an appropriately supported Motion for

3

Summary Judgment after the completion of appropriate discovery. Because subject-matter jurisdiction is an initial determination as to the power of the Court to act, the Court will not address Defendant's other arguments at this time.

IT IS SO ORDERED.

                                                   _____
                                                   TODD J. CAMPBELL
                                                   UNITED STATES DISTRICT JUDGE