IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; and THE STATES OF TENNESSEE, NORTH CAROLINA, and GEORGIA ex rel. ROBERT WHIPPLE<br><br>v.<br><br>CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a Erlanger Medical Center and Erlanger Health System | No. 3-11-0206 |

O R D E R

On June 17, 2013, the defendant filed a motion for summary judgment for lack of subject matter jurisdiction (Docket Entry No. 96),[1] and, on June 18, 2013, the defendant filed a motion for judgment on the pleadings (Docket Entry No. 105).[2]

As provided in the order entered April 15, 2013 (Docket Entry No. 84), the relator shall have until July 10, 2013, to file responses to the motions.[3] The defendant shall have until July 17, 2013, to file a reply to the response, if necessary.

---

[1] By order entered March 22, 2013 (Docket Entry No. 73), the defendant's previous motion to dismiss (Docket Entry No. 47) was denied and the case referred to the Magistrate Judge, inter alia, to determine what discovery was necessary for purpose of a motion for summary judgment on the jurisdictional issue. The initial case management order entered April 15, 2013 (Docket Entry No. 84), provided that all jurisdictional discovery would be completed by May 24, 2013.

[2] In its initial motion to dismiss, the defendant sought dismissal for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for the relator's asserted failure to satisfy Rule 9(b). Since subject matter jurisdiction was a threshold issue, the Court declined to address those grounds for dismissal until the jurisdictional issue had been resolved. The defendant has now asserted those grounds for dismissal again in a separate motion for judgment on the pleadings in the event that the Court denies its motion for summary judgment for lack of subject matter jurisdiction.

[3] Actually, the April 15, 2013, order provided that the relator would have until July 10, 2013, to file a response to the defendant's anticipated motion for summary judgment on the jurisdictional issue. However, the same deadline shall also apply to the defendant's motion to dismiss.

No other filings in support of or in opposition to the defendants' pending motions shall be made after July 17, 2013, except with the express permission of the Honorable Todd J. Campbell.

In accord with the order entered April 15, 2013 (Docket Entry No. 85), all discovery is stayed until the resolution of the defendant's motion for summary judgment or until September 30, 2013, whichever comes earlier.

Counsel for the parties shall schedule a further case management conference with the Court as soon as practical after the resolution of the defendant's pending motions.

The Clerk is directed to forward the file in this case to Judge Campbell for his consideration of the defendant's motion for summary judgment and accompanying filings (Docket Entry Nos. 96-98 and 107), the defendant's motion for judgment on the pleadings and accompanying memorandum (Docket Entry Nos. 105-106), the plaintiff's responses to be filed by July 10, 2013, and the defendant's reply to be filed, if necessary, no later than July 17, 2013.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge