IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT WHIPPLE | ) |
| | ) |
| v. | ) NO. 3-11-0206 |
| | ) JUDGE CAMPBELL |
| CHATTANOOGA-HAMILTON | ) |
| COUNTY HOSPITAL AUTHORITY | ) |

MEMORANDUM

Pending before the Court is Defendant's Amended Motion for Judgment on the Pleadings (Docket No. 163). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

Plaintiff brought this action pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, alleging that Defendant intentionally defrauded the United States by knowingly submitting fraudulent reimbursement claims to Medicare, Medicaid, Tricare/Champus, and other federally-funded Government Healthcare Programs. Plaintiff alleges that he discovered Defendant's fraudulent behavior in 2006 while working as a Revenue Cycle Consultant for ACS Healthcare Solutions and performing auditing services for Erlanger Medical Center ("Erlanger") related to its billing procedures for Government Healthcare Programs. The United States and the States of Tennessee, North Carolina and Georgia declined to intervene herein.[1] Defendant contends that

---

[1] Plaintiff's parallel state law claims were dismissed by this Court and then abandoned on appeal. *U.S. v. Chattanooga-Hamilton County Hospital Authority*, 782 F.3d 260, 262, n.1. Accordingly, Counts III - VIII are no longer at issue.

Plaintiff has failed to state a claim under the FCA; that Plaintiff has failed to plead fraud with the required particularity; and that certain of Plaintiff's claims are time-barred.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014).

## PLEADING FRAUD WITH PARTICULARITY

Complaints alleging FCA violations must comply with Federal Rule of Civil Procedure 9(b)'s requirement that fraud be pled with particularity. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011). Rule 9(b) requires that in alleging fraud, a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally. *Id*. In complying with Rule 9(b), a relator, at a minimum, must allege the time, place and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent of the defendant and the injury resulting from the fraud. *Id.* at 467.

The relator must plead with sufficient particularity that the defendant knowingly presented to the U.S. government a false or fraudulent claim for payment or approval. *McFeeters v. Northwest Hospital, LLC*, 2015 WL 328212 at * 2 (M.D. Tenn. Jan. 23, 2015). A critical element of an FCA

violation is the actual presentment of a false claim to the government. *Id*. at * 4. The submission of a false claim for payment converts an improper financial relationship into an act of fraud upon the government and forms the basis of the cause of action. *Id*. Therefore, the Sixth Circuit imposes a strict requirement that relators identify actual false claims. *Id*. (citing *Chesbrough*).[2]

## FALSE CLAIMS ACT

The FCA penalizes any person who knowingly presents or causes to be presented to an officer or employee of the U.S. government a false or fraudulent claim for payment or approval. *Chesbrough*, 655 F.3d at 466 (citing 31 U.S.C. § 3729(a)(1)). It also penalizes any person who knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government. *Id.* A private individual, known as a realtor, may bring a civil action for a violation of the FCA, also known as a *qui tam* action, on behalf of the government. 31 U.S.C. § 3730(b)(1). The relator must plead with sufficient particularity that the defendant knowingly presented to the United States government a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729; *McFeeters* at* 2.

## DEFENDANT'S MOTION

<u>Claims Arising After Plaintiff Left</u>

Defendant argues first that Plaintiff has failed to plead specific allegations of fraud which occurred after he left Erlanger. Plaintiff worked at Erlanger for six months in 2006. The Complaint

---

[2] Plaintiff contends that the purpose of Rule 9(b) is to provide notice to Defendants of the allegations against it. There are other purposes for Rule 9, however, including to prevent "fishing expeditions," to protect a defendant from unwarranted damage to its reputation and to narrow or "whittle down" potentially wide-ranging discovery to relevant matters. *See Chesbrough*, 655 F.3d at 466 and *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 503, n.11 (6th Cir. 2007).

3

alleges that, "to the best of Relator's knowledge" and "upon information and belief," the alleged fraudulent practices he uncovered during his tenure at Erlanger continued after he left. *See e.g.,* Complaint, ¶¶ 141, 153, 156, 159 and 165.

Although courts have, in some cases, permitted allegations of fraud based upon "information and belief," the complaint must set forth a factual basis for such belief. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006). The allowance of this "exception" must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. *Id.*

Plaintiff basically alleges that because Defendant submitted false claims before and while Plaintiff worked at Erlanger, it must have submitted or likely did submit false claims thereafter. Plaintiff does not allege a factual basis for this speculation. There is no allegation that Plaintiff was privy to any information about Defendant's billing, practices or reimbursements after he stopped working at Erlanger. There is no identification of a specific false claim which was presented to the government after Plaintiff left Erlanger.

These allegations do not satisfy the particularity requirement of Rule 9(b). *See U.S. ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 719 F.3d 31, 38-39 (1st Cir. 2013) (citing *Bledsoe*). Accordingly, any claim related to alleged fraudulent activity after Plaintiff left Erlanger in July of 2006 should be dismissed.

Short-Stay Claims

Next, Defendant argues that Plaintiff has failed adequately to plead allegations of fraud regarding short-stay claims. Plaintiff asserts that Defendant billed Medicare for inpatient stays that were not medically necessary and should have been billed as outpatient.

4

Plaintiff's Complaint includes sufficient allegations of fraudulent *practices*. For example, Plaintiff makes specific allegations concerning Dr. Roger Jones giving orders to resident physicians to admit patients at inpatient statuses, even when this level of admission status was not medically necessary. Plaintiff also refers to specific meetings with directors and employees of Erlanger where these fraudulent practices were admitted and discussed. Complaint, ¶¶ 127-133.

As for specific *claims* which were false and presented to the Government Healthcare Programs, Plaintiff alleges that his review of billing files, billing spreadsheets, and patient records revealed numerous patients being inappropriately billed at the inpatient status.[3] He cites nine specific patients whose inpatient status was incorrectly billed to Medicare or other government providers.[4] Complaint, ¶ 138.

Defendant argues about the truth of whether these inpatient stays were medically necessary, claiming that three of the patients identified by Plaintiff died shortly after admission. The Court cannot consider Defendant's factual attacks on these portions of the Complaint on a Motion for Judgment on the Pleadings.[5] This is not a motion for summary judgment. Plaintiff has alleged that these specific claims were fraudulent because the inpatient status was medically unnecessary. The Court has to accept those allegations as true at this point.

---

[3] Plaintiff's Complaint alleges that, as part of his duties at Erlanger, he reviewed patient bills, spreadsheets showing bills submitted to the government for reimbursement and documents related to Defendant's general operations, case management, patient admissions, and patient medical records. Complaint, ¶¶ 119-120.

[4] Because the state-law claims have been dismissed, the only relevant specific claims are the four claims which were presented to Medicare and Medicaid.

[5] Even if the Court could consider the records submitted by Defendant through its counsel's Declaration, it could not make a finding that the records were true, false or even complete on this Motion.

The Court finds that Plaintiff's allegations concerning short-stay claims are sufficient to survive this Motion for Judgment on the Pleadings.[6]

Same-Day Surgery Claims

Defendant contends that Plaintiff's same-day surgery claims are not specifically or sufficiently pled. Plaintiff's Complaint alleges fraudulent practices regarding observation charges being added to patients who qualified only as outpatient. Complaint, ¶¶ 154-156. Plaintiff alleges that Defendant added observation charges to patients who suffered no post-operation complications and were released from the hospital the same day.

Plaintiff has identified four specific examples that he alleges illustrate Defendant's practice of adding observation charges to outpatient surgeries without regard to medical necessity and fraudulently billing for those charges. Complaint, ¶ 157. Again, Defendant takes issue with the truth of Plaintiff's allegations with regard to these claims and, again, the Court cannot determine the truth or falsity of Plaintiff's claims on a Motion for Judgment on the Pleadings. These allegations may ultimately be shown as false, but the Court cannot determine the credibility of Plaintiff's claims on the pending Motion. For purposes of this Motion, Plaintiff has sufficiently pled his same-day surgery claims.

Renal Dialysis Claims

Plaintiff's Complaint alleges a fraudulent practice with regard to renal dialysis claims. Plaintiff avers that Defendant was not authorized to perform outpatient dialysis, so the staff

---

[6] Plaintiff also argues that Defendant has admitted, through its counsel in oral argument at the Sixth Circuit Court of Appeals, that it submitted false claims to the Government. The Court cannot consider this allegation which is not a part of the Complaint. In any event, counsel mentioned only "improper claims," and admitting that improper billing occurred is not the same as admitting fraud.

"upgraded" dialysis patients to inpatient in order to get reimbursed for the dialysis procedures which could have been legally performed only as a non-reimbursable outpatient procedure. Complaint, ¶¶ 161-164. The Complaint also alleges that Defendant's Compliance Officer admitted to Plaintiff that this practice violated government healthcare regulations. *Id*., ¶ 165.

Plaintiff's Complaint does not, however, identify specific examples of renal dialysis claims which were fraudulently presented to and paid by the government. Plaintiff need not identify *every* false renal dialysis claim submitted for payment, but he must identify with some specificity characteristic examples that are illustrative of the class of all claims covered by this portion of the alleged fraudulent schemes. *McFeeters*, 2015 WL 328212 at * 4.

The Court finds that Plaintiff has not sufficiently pled the renal dialysis claims in his Complaint, and those claims should be dismissed.

Count II of Plaintiff's Complaint

In Count II, Plaintiff alleges that Defendant violated 31 U.S.C. § 3720(a)(1)(b) because it knowingly made, used, or caused to be made or used false records and statements to get false or fraudulent claims paid or approved by the government. Complaint, ¶ 176. Defendant argues that Plaintiff has failed to identify any false record or statement used to make a false or fraudulent claim.

To the extent Plaintiff has identified specific examples of short-stay and same-day surgery claims, Plaintiff has sufficiently alleged that Defendant submitted false records or statements in order to receive payment for those claims from the Government. Defendant's Motion on this issue is denied.

Failure to Plead Specific False Claims to Medicaid

Plaintiff's Complaint alleges that Defendant contractually obligated itself to follow all regulations and requirements under the "Government Healthcare Programs," defined as Medicare, Medicaid, Tricare/Champus and other federally-funded government healthcare programs. Complaint, ¶¶ 2 and 3. Plaintiff's Complaint also alleges what the reimbursement requirements are for the Government Healthcare Programs. Complaint, ¶¶ 68-111.

Defendant contends that Plaintiff's Complaint does not identify specific requirements of Medicaid which were violated or with which Defendant failed to comply. Plaintiff has identified one specific short-stay claim which allegedly was false and was presented to Medicaid.[7] Complaint, ¶ 138. Plaintiff's Complaint identifies the reimbursement requirements for Medicaid which would apply to that claim. Complaint, ¶¶ 91-92.

The Court finds that Plaintiff's Complaint sufficiently identifies the Medicaid requirements with which Defendant allegedly failed to comply.

Statute of Limitations

Defendant argues that, pursuant to the six-year statute of limitations in the FCA, 31 U.S.C. § 3731(b), any of Plaintiff's claims which arose before March 7, 2005, are time-barred. Plaintiff does not address this argument in his Response.

The statute provides that a civil action under the FCA may not be brought more than 6 years after the date on which the violation of Section 3729 is committed. 31 U.S.C. § 3731. Plaintiff has not shown any reason why this statute of limitations does not apply. Accordingly, because Plaintiff

---

[7] All the specific same-day surgery claims alleged to have been fraudulently submitted were to Medicare, not Medicaid. Complaint, ¶ 157.

8

filed this action on March 7, 2011, any claims which arose before March 7, 2005, should be dismissed.

## CONCLUSION

For these reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. Any claims arising after Plaintiff left Erlanger in July of 2006 are DISMISSED. Plaintiff's renal dialysis claims are DISMISSED. Any claims before March 7, 2005, are time-barred and, therefore, DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE